IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BENJAMIN DAVIS, III, *pro se*, ) ) ) Plaintiff, ) ) v. ) ) FREEDOM MORTGAGE ) CORPORATION, *et al.*, ) ) Defendants. ) ) | Civil Action No. 23-cv-00973-LKG Dated: March 9, 2026 |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Benjamin Davis, III, brings various claims against the Defendants, Freedom Mortgage Corporation and Stanely C. Middleman (collectively, "the Defendants"), arising from the Defendants' alleged mortgage loan servicing errors and the foreclosure of his property.  ECF No. 1.  The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), and for sanctions, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1651.  ECF Nos. 33 and 34.  The motion to dismiss and motion for sanctions are fully briefed.  ECF Nos. 33, 34, 36, 37 and 38.  No hearing is necessary to resolve the matter.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 33); (2) **DENIES** the Defendants' motion for sanctions (ECF No. 34); and (3) **DISMISSES** the complaint **WITH PREJUDICE**.

**II.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

**A.  Factual Background**

In this civil action, Mr. Davis brings various claims against the Defendants, arising from his post-foreclosure eviction from his home.  ECF No. 1 at 6.  Mr. Davis is proceeding in this

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendants' motion to dismiss and memorandum and exhibits in support thereof, the Defendants' motion for sanctions and memorandum in support thereof, the Plaintiff's response in opposition to the Defendants' motion to dismiss, the Defendants' reply and the Plaintiff's supplement to his response in opposition to the Defendants' motion to dismiss.  ECF Nos. 1, 33, 33-2, 34, 34-2, 36, 37 and 38.

litigation without the assistance of counsel.  And so, the complaint is difficult to discern.
Nonetheless, it appears that Mr. Davis brings claims under: (1) the Real Estate Settlement
Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), (2) the Fair Debt Collection Practices
Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and (3) the Truth in Lending Act, 15 U.S.C.
§§ 1601, *et seq.* ("TILA"), and (4) a breach of contract claim.  *Id.* at 4 and 6.  As relief, Mr.
Davis seeks to recover monetary damages from the Defendants.  *Id.* at 7.

The Parties

Plaintiff, Benjamin Davis, III, is the former owner of the real property located at
3671 Forest Hill Road, Baltimore, Maryland 21207 ("the Property") and he is a citizen of
Maryland.  ECF No. 1 at 2 and 6; ECF No. 33-2 at 3.

Defendant Freedom Mortgage Corporation ("Freedom Mortgage") was the servicer
of Mr. Davis's home loan at the time of the ratification of the foreclosure sale of the
Property.  ECF No. 33-2 at 9 n.7.

Defendant Stanley C. Middleman ("Mr. Middleman") is the founder and Chief
Executive Officer of Freedom Mortgage.  *Id.* at 3.

The Foreclosure Action And Subsequent Litigation

This matter relates to a foreclosure action on the Property filed on May 30, 2019
("the Foreclosure Action").  *Id.* at 3.  Neither Mr. Davis nor the co-borrower on the Property
filed a timely motion to stay or dismiss the Foreclosure Action.  *See id.* at 4; ECF No. 33-3.
Instead, Mr. Davis instituted proceedings under Chapter 7 of the Bankruptcy Code ("the
Bankruptcy Action").  ECF No. 33-2 at 4.  The lender at the time filed a motion in the
Bankruptcy Action for relief from the automatic stay to proceed with the Foreclosure
Action.  *Id.*  And so, the Bankruptcy Court granted relief from the stay to proceed with the
foreclosure on the Property.  *Id.*; ECF No. 33-4.

The Property was sold at a foreclosure sale on December 19, 2019, and neither Mr.
Davis nor his co-borrower filed timely exceptions to the post-sale report.  ECF No. 33-2 at 4;
*see generally* ECF No. 33-3.  After the COVID-19 federal and state eviction moratoriums
ended, the Circuit Court for Baltimore County, Maryland entered an order ratifying the
foreclosure sale.  ECF No. 33-2 at 4; ECF No. 33-5.  Neither Mr. Davis nor the co-borrower
filed any response to the ratification order.  ECF No. 33-2 at 5; ECF No. 33-3.

On January 27, 2022, the Substitute Trustees filed a motion for possession of the Property in the Foreclosure Action.  ECF No. 33-3 at 5.  On February 1, 2022, Mr. Davis challenged the validity of the foreclosure action, by filing a motion to stay or dismiss, which the Substitute Trustees opposed.  *Id.*; ECF No. 33-6.  The Circuit Court for Baltimore County, Maryland denied Mr. Davis's motion to stay or dismiss, ruling that "the Motion for Possession may continue in the normal course."  ECF No. 33-2 at 5; ECF No. 33-7.

While litigating the motion to stay or dismiss the Foreclosure Action, Mr. Davis also filed a complaint in this Court, seeking an injunction to stay or dismiss the foreclosure sale and monetary damages.  ECF No. 33-2 at 2; *Benjamin Davis, III v. Freedom Mortgage Corp., et al.*, Case No. 22-cv-00342, ECF No. 1 at 6.  In that case, this Court held that it lacked subject-matter jurisdiction over Mr. Davis's claims, pursuant to the *Rooker-Feldman* doctrine.  *Benjamin Davis, III v. Freedom Mortgage Corp., et al.*, ECF No. 41 at 6–9 (D. Md. July 20, 2022).

The Plaintiff's Allegations

In this case, Mr. Davis alleges that he filed a complaint on January 20, 2022, with the Baltimore Office of the Commissioner of Financial Regulation against Freedom Mortgage in the Baltimore Department of Labor, for "multiple loan/mortgage service errors" which include "fraud in violation of" the FDCPA and the TILA.  ECF No. 1 at 6.  Mr. Davis further alleges that, in response to this complaint, Freedom Mortgage acknowledged the servicing errors and agreed to prepare necessary loan modification documents within 30 days.  *Id.*

In addition, Mr. Davis alleges that Freedom Mortgage continued to service the life of the loan, "by furnishing Plaintiff with false misstatements of facts regarding amounts owed" and "failed to send monthly statements."  *Id.*  And so, Mr. Davis alleges that he "was led to believe he was retaining homeownership."  *Id.*  Mr. Davis further alleges that, after Freedom Mortgage acknowledged the servicing error, the Defendants "continued to have plaintiff evicted from property on June 10, 2022, in breach of contract."  *Id.*  Lastly, Mr. Davis alleges that the Defendants' failure to adhere to the "CFPB resolution process is a due process violation."  *Id.*

As relief, Mr. Davis seeks, among other things, to recover monetary damages from the Defendants.  *Id.* at 7.

**B.  Relevant Procedural Background**

The Plaintiff commenced this civil action on April 11, 2023.  ECF No. 1.  On March 20, 2025, the Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 28

3

U.S.C. § 1915(e)(2)(B), and a memorandum in support thereof. ECF Nos. 33 and 33-2. The Defendants also filed a motion for sanctions on March 20, 2025. ECF No. 34.

On April 4, 2025, the Plaintiff filed a consolidated response in opposition to the Defendants' motion to dismiss and motion for sanctions. ECF No. 37. On April 24, 2025, the Defendants filed a reply brief. ECF No. 37. On April 28, 2025, the Plaintiff filed a supplement to his response in opposition to the Defendants' motion to dismiss. ECF No. 38.

The Defendants' motions having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.  Fed. R. Civ. P. 8(a), 12(b)(6) And 28 U.S.C. § 1915(e)(2)(B)

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

Title 28, United States Code, Section 1915 applies to proceedings *in forma pauperis*. 28 U.S.C. § 1915. Under Section 1915(e)(2)(B), a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

4

**B. Pro Se Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

## IV.    ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), for the following reasons: (1) Mr. Davis's claims are barred by *res judicata*, or alternatively, by collateral estoppel; (2) none of Mr. Davis's claims are sufficiently pled to satisfy Rules 8(a) and 12(b)(6); and (3) the Defendants additionally argue that the claims against the Defendant Mr. Middleman are particularly frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). ECF No. 33-2 at 8–16. And so, the Defendants request that the Court dismiss the complaint. *Id.* at 16.

Mr. Davis counters that the Court should not dismiss this matter because: (1) his claims are not precluded by *res judicata*; (2) he has adequately pled FDCPA and TILA claims in the complaint; (3) he has properly pled a breach of contract claim; and (4) he has properly pled a RESPA claim in the complaint. ECF No. 36 at 2–5. And so, Mr. Davis requests that the Court deny the Defendants' motion to dismiss. *Id.* at 7.

For the reasons that follow, a careful reading of the complaint makes clear that the claims in the complaint are not adequately pled, because the Plaintiff fails to allege facts to show violations under RESPA, FDCPA, TILA or a breach of contract. And so, the Court: (1) GRANTS the Defendants' motion to dismiss (ECF No. 33); (2) DENIES the Defendants' motion for sanctions (ECF No. 34); and (3) DISMISSES the complaint WITH PREJUDICE.

5

### A. The Complaint Fails To State A Claim[2]

#### 1. The Plaintiff Fails To State A RESPA Violation

As an initial matter, the Court agrees with the Defendants that the complaint lacks sufficient factual allegations to state a plausible RESPA claim. To state a claim for a RESPA violation, the complaint must provide more than "generalized allegations that track portions of RESPA." *Schaefgen v. O'Sullivan*, No. 14-2992, 2015 WL 4572238, at *4 (D. Md. July 28, 2015) (dismissing *pro se* plaintiff's RESPA claims when the plaintiff only alleged "that Defendants failed to acknowledge properly and respond to a qualified written request as defined by RESPA" without providing further factual allegations about the nature and timing of the communications between the plaintiff and loan servicer); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In the complaint, Mr. Davis appears to allege that Freedom Mortgage violated RESPA, by failing to correct certain errors related to his mortgage. ECF No. 1 at 6. Specifically, Mr. Davis alleges that "pursuant to [§] 1024.35 error resolution procedures (F) defendants Freedom Mortgage acknowledged servicing error and further instructed that as of April 1, 2022 that within 30 days it would be preparing necessary loan modification documents" but then continued to service the life of the loan and provide Mr. Davis with "false misstatements of facts regarding amounts owed." *Id.* But these general allegations neither sufficiently identify the qualified written request ("QWR"), pursuant to 12 U.S.C. § 2605(e), nor state when that alleged QWR was sent, the information that was requested, or the information provided in the response.[3] *See Schaefgen*, 2015 WL 4572238, at *4. Given this, it is not possible for the Court or the Defendants to determine whether the communications between Mr. Davis and Freedom Mortgage may form the basis for a

---

[2] The Court finds the Defendants' arguments to dismiss based on *res judicata* and collateral estoppel somewhat persuasive. However, given that the Plaintiff's complaint does not clearly set forth his claims and the facts relevant to those claims—*i.e.*, it is not clear the exact transaction or occurrence relevant to the Plaintiff's claims—the Court finds it more appropriate to dismiss the complaint for failure to state a claim. *See Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) ("As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." (quoting *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 43 (4th Cir.1990)).

[3] It appears as though Mr. Davis believes that the letter sent by the Maryland Department of Labor, to which Freedom Mortgage responded, was a QWR subject to RESPA. ECF No. 1 at 6. However, a QWR is received by the loan servicer "from the borrower." 12 U.S.C. § 2605(e)(1)(A).

6

RESPA violation.  And so, the Court DISMISSES Mr. Davis's RESPA claim, pursuant to Rule 12(b)(6).

### 2.  The Plaintiff Fails To State An FDCPA Violation

The Court also agrees with the Defendants that the complaint fails to state a claim under the FDCPA.  To state an FDCPA claim, the plaintiff must show that: (1) he has been the object of debt collection stemming from consumer debt; (2) the Defendants are third-party debt collectors or have represented themselves as third parties while collecting debt from the plaintiff; and (3) the Defendants engaged in practices violating the FDCPA.  *Glover v. Loan Sci., LLC*, No. 19-01880, 2020 WL 3960623, at *3 (D. Md. July 13, 2020).

In the complaint, Mr. Davis appears to allege that his complaint filed with the Baltimore Department of Labor on January 20, 2022, includes allegations of fraud in violation of the FDCPA.  ECF No. 1 at 6.  But beyond that general allegation, there are not facts in the complaint to show the elements of an FDCPA claim.  *Id.*  Nor does Mr. Davis identify the provision of the FDCPA under which he is proceeding.  *See generally id.*  The complaint is void of factual allegations such that the Court cannot draw a plausible inference that the Defendants are in violation of the FDCPA.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And so, the Court DISMISSES Mr. Davis's FDCPA claim, pursuant to Rule 12(b)(6).

### 3.  The Plaintiff Fails To State A TILA Violation

The complaint also fails to state a claim under the TILA.  Congress enacted the TILA, 15 U.S.C. §§ 1601, *et seq.*, in 1968 to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  *Mourning v. Family Publications Serv., Inc.,* 411 U.S. 356, 364–65 (1973).  The TILA disclosure requirements apply only to creditors and their assignees.  *Sizer v. Oshinnaiye*, No. 19-569, 2020 WL 263493, at *12 (D. Md. Jan 17, 2020).  And so, "[t]he only parties who can be liable for [TILA] violations are the original creditor and assignees of that creditor."  *Id.*; *see also* 15 U.S.C. §§ 1640 and 1641.

Like Mr. Davis's FDCPA allegation, Mr. Davis appears to allege that his complaint filed with the Baltimore Department of Labor on January 20, 2022, includes allegations of fraud in violation of the TILA.  ECF No. 1 at 6.  But the TILA imposes civil liability on

7

creditors, not loan servicers like Freedom Mortgage. *See Davis v. Wilmington Fin., Inc.*, No. 09-1505, 2010 WL 1375363, at *4 (D. Md. Mar. 26, 2010) (noting that loan servicers who are not an assignee or owner of the loan have no liability under the TILA). And so, the Court DISMISSES Mr. Davis's TILA claim, pursuant to Rule 12(b)(6).

### 4. The Plaintiff Fails To State A Breach of Contract Claim

The Court also agrees with the Defendants that the complaint lacks sufficient factual allegations to state a plausible claim for breach of contract. A complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" to survive a motion to dismiss for failure to state a claim. *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. Here, Mr. Davis merely states in his complaint that he was "evicted from [the] property on June 10, 2022[,] in breach of contract." ECF No. 1 at 6. But Mr. Davis does not plead any facts to identify the contract that was allegedly breached, or how such a contract was breached. *See generally id.* And so, the Court also DISMISSES Mr. Davis's breach of contract claim, pursuant to Rule 12(b)(6).[4]

### B. The Defendants' Motion for Sanctions

As a final matter, the Defendants filed a motion for sanctions, pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1651, seeking, among other things, the imposition of a pre-filing screening procedure for future complaints filed by the Plaintiff in this Court. ECF Nos. 34 and 34-2 at 9–10. While the Court appreciates the Defendants' concern regarding the Plaintiff's numerous filings in this Court related to the foreclosure sale of the Property, the Court is satisfied that the dismissal of the complaint with prejudice is the appropriate remedy to address the conduct at this time. And so, the Court DENIES the Defendants' motion for sanctions (ECF No. 34).

### V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' motion to dismiss (ECF No. 33);

---

[4] Mr. Davis also appears to include a Due Process claim in the complaint. ECF No. 1 at 4. Mr. Davis identifies "violation of Due Process" as a basis for federal question jurisdiction (alleging that the Defendants' "failure to adhere to CFPB resolution process is a due process violation"). *Id.* at 4 and 6. But, like his other claims, the Plaintiff does not provide sufficient facts to plausibly allege a Due Process claim. *See, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). And so, the Court also DISMISSES Mr. Davis's Due Process claim, pursuant to Rule 12(b)(6).

(2) **DENIES** the Defendants' motion for sanctions (ECF No. 34); and

(3) **DISMISSES** the complaint **WITH PREJUDICE**.

A separate Order shall issue.


**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge